IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO. 15-08869(ESL)

MARILYN SANTIAGO RUIZ                               CHAPTER 7

    Debtor

## OPINION AND ORDER

This case is before the court upon the Chapter 7 Trustee's objection to *proof of claim #3* filed by Annette Santiago Santiago (Docket No. 31) and Annette Santiago Santiago's (herein referred to as "Santiago") *Reply* (Docket No. 37). Also before the court is Santiago's *Amended Legal Memorandum* (Docket No. 52) and the Chapter 7 Trustee's *Reply* thereto (Docket No. 53). For the reasons stated below, the Chapter 7 Trustee's objection to *proof of claim #3* is granted and the claim is allowed as a general unsecured claim.

## Procedural Background

The Debtor filed a Chapter 7 petition on November 9, 2015 (Docket No.1). The Debtor included in *Schedule A* a property that she described as "house and lot next to residence" and listed its current value as $50,000. (*Schedule A*, Docket No. 1, p. 9). The Debtor listed Santiago as a creditor holding an unsecured claim in the amount of $0.00[1] (*Schedule F*, Docket No. 1, p. 17). On January 25, 2016, Santiago filed a proof of claim in the amount of $32,500.00 (*proof of claim* #3-1). She filed the claim as secured and declared that the basis for perfection was a real-property stipulation which was attached to the claim. (*Proof of claim* #3-1,p.2). On February 10, 2016, the Chapter 7 Trustee filed a *Notice of Assets and Request for Claims Bar Date* giving notice "that there are assets or it is expected to be assets in this case which are expected to result in a dividend to creditors." (Docket No. 14). On February 16, 2016, the Clerk of the Bankruptcy Court entered a *Notice of Need to File Proof of Claim Due to Recovery of Assets* setting the

---

[1] The Debtor stated that the claim was due to "amount owed for house". (*Schedule F*, Docket No. 1, p. 17).

-1-

deadline to file proof of claims at May 16, 2016 (Docket No. 16). On May 4, 2016, the Chapter 7 Trustee filed a *Notice of Private Sale of Estate's Interest in Property* (Docket No. 26) giving notice of her intent to sell the estate's interest in the property described as follows:

> RUSTICA: Predio de terrero situado en Barrio DOÑA ELENA, del municipio de Comerio, Puerto Rico, con una cabida superficial de 426.946 metros cuadrados, equivalentes a 0.1086 cuerda. En lindes: por el NORTE: en terrenos de Marilyn Santiagho Ruiz; por el SUR: con terrenos de Jerome Pellot y su esposa Ana Merida Cintron; por el ESTE: con camino municipal; y por el OESTE: con quebrada Higöero. En este solar enclava una casa dedicada a vivienda, que consta de tres (3) cuartos dormitorios, sala, cocina, comedor, baño, balcón, construida de cemento, marquesina, y mide 30 pies de largo por 30 pies de ancho aproximadamente. Se inmatricula mediante expediente de dominio, según Resolución de fecha 9 de mayo de 2011, seguido en el Tribunal de Primera Instancia y caso civil BJV2009-0053.

(the "Real Property"). The Chapter 7 Trustee indicated that "[t]here are not liens recorded against the realty" and attached a certification from the Property Registry dated April 23, 2015. (Docket No. 26, p. 1, ¶2 and **Exhibit A**). The certification from the Property Registry indicates that the Debtor is the owner of the Real Property and that there are no liens recorded against the same. (Docket No. 26, **Exhibit A**). In addition, she gave parties twenty-one (21) days to object to the proposed sale. On May 25, 2016, Santiago filed an *Opposition to Notice of Private Sale of Estate's Interest in Property* declaring that Santiago "is a secured creditor regarding the property being sold. As evidence, she attaches an entry from the Property Registry[2] and stipulation (Docket No.

---

[2] The entry at the Registry describes the Real Property and provides in pertinent part:
> "Se inmatrícula mediante expediente de dominio, según Resolución de fecha de 9 de mayo de 2011, seguido en el Tribunal de Primera Instancia caso civil BJV2009-0053. Cargas: Libre de Cargas y Gravámenes. En el Tribunal de Primera Instancia, Sala de Abonito, Caso Civil Numero BJV2009-0053. Sobre Expediente De Dominio, seguido por Annette Santiago Santiago Ex Parte. Promovente: Marilyn Santiago Ruiz, soltera, mayor de edad, propietaria y vecina de Comerio. Se expidió Resolución de fecha de 9 de mayo de 2011, declarando justificado el dominio de esta finca a favor de dicho promovente, quien adquirió la misma por compraventa medinate la escritura numero 5 otorgada en Comerio el 8 de enero de 1995 de Basilia Melendez Rivera ante el notario Victor M. Padilla Santiago y la casa que en este solar enclava la promovente satisfará a la Peticionaria Annete Santiago Santiago la cantidad de $32,00.00. Cumplidos en la tramitación del expediente con todos los requisitos de ley, con un valor de $32,500.00. En su virtud INSCRIBO el dominio de esta finca a favor de Marilyn Santiago Ruiz, soltera por el concepto antes expresado. Así resulta de la Resolución expedida y de la Orden y Mandamiento de fecha de 20 de junio de 2011, Se acompaña además Estipulación de abril de 2011, que ha sido presentada a las 9:55 AM., del día 28 de junio de 2011; según asiento 590 del diario 562."

See Docket No. 8, p. 3.

28). The stipulation was entered between Santiago and the Debtor on April 2011, to settle a dominion title proceeding initiated by Santiago in State Court Case No. B JV2009-0053. On May 31, 2016, the court entered an *Order* granting the Chapter 7 Trustee fourteen (14) days to reply to the opposition and noting that proof of claim #3 has not been objected and "[t]herefore, the claim is deemed allowed." (Docket No. 29).

On June 6, 2016, the Chapter 7 Trustee filed an *Objection to Allowance of Claims* declaring that "[c]laimant has an unsecured claim and not a secured claim. Debtor owed the Creditor pursuant to an agreement filed with the State Court. The agreement does not establish a lien on the property nor a mortgage." (Docket No. 31). Therefore, the Chapter 7 Trustee requests that the claim be allowed as a general unsecured claim in the amount of $32,500. On July 5, 2016, Santiago filed a request for an extension of five (5) days to reply to the objection to claim (Docket No. 35) which was granted on July 8, 2016 (Docket No. 36). On July 9, 2016, Santiago filed her *Reply to Trustee's Objection to Claim #3* (Docket No. 37). Santiago argues that her claim "arises from a residential structure located in a plot of land of 426.946 square meters in Comerio, PR" and that her "legal interest is only in the structure." (Docket No. 37, p 2, ¶ 1). Santiago explains that she acquired her interest in 1996 and that in order to obtain legal title in the Property Registry she filed a dominion title proceeding in State Court Case No. B JV2009-0053. The Debtor and Santiago entered into a stipulation to settle the state court case. The stipulation provides (among other things) that: (i) Santiago is the owner of the residence located on the lot in controversy; (ii) Santiago will withdraw the legal proceeding and accepts that the Debtor is the title holder of the lot in controversy and in exchange the Debtor agreed to pay Santiago $32,500.00; (iii) the Debtor will make the payment in a term that will not exceed one hundred and twenty (120) days and until the payment is received Santiago will have the right to keep collecting the rental income produced by the house located on the lot; and (iv) the Debtor and Santiago agree that the state court will order the inscription of the lot in the Debtor's name. Santiago declares that the Debtor never paid the $32,500 and argues that: (i) "the entry at the Registry clearly provides for the conditional sale subject to future payment of $32,500"; (ii) "the Stipulation is binding to the public since it is

mentioned in the Registry; and (iii) Santiago "owns the residential structure in good faith and as such is entitled to retain the property or, at the land owner request [*sic*], to sell it at a fair price" pursuant to Article 297 of the Puerto Rico Civil Code. Accordingly, she sustains that the "Trustee can only acquire Santiago Santiago's claim by paying FULL fair price, and not by including said claim as an unsecured claim to be paid pro-rata." (Docket No. 37, p. 5, ¶ 18).

On August 25, 2016, the Court entered an *Order* scheduling a hearing for January 18, 2017 to consider Docket Nos. 26, 28 and 32. (Docket No. 39) The court also entered an *Order* setting a pre-trial conference for January 18, 2017 (Docket No. 40). On January 11, 2017, the Debtor and Santiago filed the *Joint Proposed Pretrial Report* (Docket No.47). On January 18, 2017, the court held a hearing were it heard oral arguments from the parties (*Audio File*, Docket No. 48, *Minute Entry*, Docket No. 49). The Debtor and Santiago stated that they agree that there is no mortgage lien over the Real Property. In addition, the court granted Santiago fourteen (14) days to file an amended legal memorandum and the Chapter 7 Trustee fourteen (14) days to reply. The court approved the sale free and clear of liens and that any lien shall attach to the proceeds of the sale. On January 20, 2017, the Chapter 7 Trustee filed a *Motion to Authorize the Return of Good Faith Deposit to Erika Rivera Vazquez for A Lot and Residence* stating that the seller no longer wishes to purchase the property but stating that the "Trustee will continue to market the property, hence, there is still a need for the Court to provide a ruling as to whether Ms. Santiago Santiago holds a valid lien against the realty" (Docket No. 50, p. 2, ¶4).

On February 2, 2017, Santiago filed an *Amended Legal Memorandum* (Docket No. 52). She sustains that the controversy involves three legal issues: (i) "[w]hat is the legal effect upon third parties and the public of a contradiction between a certification issued by the Registrar and the entry at the Registry? If a contradiction does exists, then which one prevails?" ;(ii) [w]hat is the legal effect upon third parties and the public of an annotation in the Registry?"; and (iii) "[w]hat kind of right in the one annotated in the Registry because of the transfer of ownership from Annete Santiago Santiago (Movant) to Marilyn Santiago Ruiz (Debtor)?". (Docket No. 52, pp-1-2. She sustains that: (i) pursuant to Article 222 of the Mortgage Law of Puerto Rico entries

-4-

or annotations in the Registry prevail over certifications issues by Registrars; (ii) there is a legal presumption regarding the validity of an entry at the Registry; and (iii) she as a right as a result of a resolutory condition which is a "legal right recognized by the Mortgage law" and "was properly recorded since it was copied literary from the stipulation presented to the Registry." (Docket No. 52, pp. 4-5). On February 16, 2017, the Chapter 7 Trustee filed a *Reply to Creditor Annette Santiago Ruiz, Amended Legal Memorandum* (Docket No. 53). The Chapter 7 Trustee does not dispute that the stipulation is a valid contract but sustains that it "does not contain any additional penal clause or "resolutory condition" as alleged by creditor." (Docket No. 53, p. 5, ¶ 12). Accordingly, the Chapter 7 Trustee argues that Santiago "cannot affirmatively allege what is the right which would entitle her to a secured claim over the real property, nor can it establish a valid link between the terms of the Stipulation and a security interest over the real property." Id. In addition, the Chapter 7 Trustee argues that: (i) there is no mortgage lien over the Real Property; and (ii) if Santiago has an interest in the structure located in the lot then she must have complied with the requirements of the Secured Transactions Act of 1996, 19 P.R.L.A. §401. (Docket No. 53, p. 8 ¶ 18-20). Accordingly, the Chapter 7 Trustee requests that proof of claim #3 be allowed as a general unsecured claim.

The issue before the court is whether Santiago's claim is a secured or unsecured claim.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B).

Applicable Law and Analysis

*Objections to claims and burden of proof*

Proof of claims are deemed allowed "unless a party in interest" files an objection. 11 U.S.C. §502. "Parties in interest that may object to proofs of claims are Trustees, debtors in chapters 12 and 13, and debtors in possession in chapter 11." In re Galindez, 514 B.R. 79, 87 (Bankr. D.P.R. 2014). In addition, Fed. R. Bankr. P. 3001(f) provides: "[a] proof of claim

-5-

executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Thus, "[i]n order to rebut the prima facie evidence a proper proof of claim provides, the objecting party must produce "substantial evidence" in opposition to it." American Express Bank, FSB v. Askenaizer (In re Plourde), 418 B.R. 495, 504 (B.A.P. 1st Cir. 2009). However, "[i]f the objection contains such evidence, the claimant "is required to come forward with evidence to support its claims ... and bears the burden of proving its claims by a preponderance of the evidence." In re Tracey, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008), quoting In re Organogenesis, Inc., 316 B.R. 574, 583 (Bankr.D.Mass.2004).

*Secured or Unsecured Status of Claim*

A secured claim "is the claim of a creditor who holds a lien on property and has recourse against collateral for payment of the claim." Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual § 6:2 (5th ed. 2016–1). Section 506 provides:

> "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim."

11 U.S.C. § 506.

Moreover, lien is defined as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. §101(37).  Liens can include "a consensual lien, such as a mortgage or security interest, a judicial lien, such as an attachment or execution, or a statutory lien, such as a tax lien or warehouseman's lien…" Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual § 6:47 (5th ed.2016–1); In re Carlos A. Rivera, Inc., 130 B.R. 377, 379 (Bankr. D.P.R. 1991) ("The Bankruptcy Code provides for three types of liens: judicial liens, security interests and statutory liens.").

In the instant case, the parties do not dispute that Santiago is owed $32,500.00 as a result of the stipulation entered between the Debtor and Santiago in the dominion title proceeding[3] in State Court Case No. B JV2009-0053. The stipulation is a contract between Santiago and the Debtor. See In re Empresas Inabon, Inc., 358 B.R. 487, 523 (Bankr. D.P.R. 2006) ("A settlement agreement, or compromise, is a contract by means of which each of the parties in interest, by giving, promising, or retaining something—i.e., through reciprocal concessions—avoids the provocation of a suit, or terminates one that has already been instituted.").

The only controversy before the court is whether Santiago holds a lien to secure payment of the debt arising from the stipulation. Santiago concedes that she does not have a mortgage lien over the Real Property. In addition, the certification issued by the Property Registry shows that there are no registered liens against the Real Property[4]. Instead, Santiago argues that a "resolutory condition" is a legal right recognized by the Mortgage Law of Puerto Rico and that it was properly recorded. However, regardless of whether or not she has a valid legal right, Santiago does not explain how it gives rise to a valid lien. In fact, Santiago does not even label her alleged right as either a security interest, judicial lien or statutory lien, nor does she cite to any case law recognizing the same as a lien. Thus, the court finds that Santiago's claim is unsecured. In re Cooperativa Cafeteros De Puerto Rico, 23 B.R. 22, 24 (Bankr. D.P.R. 1982) ("No creditor is secured in bankruptcy unless there is a lien held by him or accruing to his benefit on property of the bankrupt, the lien being created by special agreement, operation of law, statute or judicial proceedings.").

---

[3] A dominion title proceeding is a proceeding through which an owner of a real property whose title is not recorded in the Property Registry requests that a state court order the recording of the same. This proceeding is regulated by the mortgage law of Puerto Rico. See Article 185 of Law No. 210, enacted on December 8, 2015, 30 L.P.R.A. § 6291.

[4] Santiago sustains that there is a contradiction between the Certification issued by the Property Registry (**Exhibit A** of Docket No. 26) and the entry at the Property Registry (*proof of claim #3*, p. 6). However, no such contradiction appears from the record before the court. The entry at the Property Registry also states that the Real Property is free and clear of liens.

<u>Conclusion</u>

In light of the above, this court finds that creditor Annette Santiago Santiago, does not have a valid lien and therefore her claim is unsecured.

For the reasons, stated herein, the Chapter 7 Trustee's *Objection to Allowance of Claims* (Docket No. 31) is granted and *proof of claim* #3 is allowed as a general unsecured claim in the amount of $32,500.00.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of July, 2017.

Enrique S. Lamoutte
United States Bankruptcy Judge